NOONAN, Circuit Judge,
concurring:
I agree with the result of Judge Berzon’s thoughtful opinion. I take a different route to reach it.
Nevada states that its advertising restrictions are intended to protect minors. But such a rationale scarcely suffices to justify restrictions on speech intended for adults. See, e.g., Reno v. Am. Civil Liberties Union, 521 U.S. 844, 875, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997) (The “governmental interest in protecting children from harmful materials ... does not justify an unnecessarily broad suppression of speech addressed to adults.”). Nevada’s other articulation of Nevada’s interest in restricting advertising in Nevada by brothels licensed as lawful by Nevada counties is that Nevada seeks “to limit the profile of prostitution” in Nevada. Obviously that limitation is the purpose of the Nevada statutes. But the purpose of the statutes is not the same as the interest that the state is seeking to protect. Nevada, in the presentation of its case to us, has not articulated the state’s interest as fully as one might hope.
Neither Judge Berzon nor I takes this failing to be the end of the state’s case. Judge Berzon finds the state’s interest implicit in its other arguments. The state, she says, has an interest in preventing the sale of sexual intercourse by human beings. The state could prohibit such sale entirely. Forty-nine states and six Nevada counties, including the county containing Las Vegas, do. But the state may take a half-step: it may ban the advertising of brothels in counties where they are unlawful, and limit the advertising of brothels where they are permitted.
I agree with the offered rationale, but recognize that to use it we are relying on a kind of state interest not heretofore addressed in the Central Hudson line of cases. We recognize that the sexual intercourse of human beings is not like gambling, drinking, or smoking. As Nevada tells us in its brief, it is sui generis. It is an act performed in private. It is an act not usually engaged in with strangers. It is an act limited by law as to age and blood relationship. It is the way that human life is usually propagated. It is the way that families are usually formed. It is the way in which human love finds its fullest physical expression.
The state of Nevada has proclaimed its interest in this activity by its statutes regulating the creation of marriage, Nev.Rev. Stat. §§ 122.002-122.270; by its statutes governing the dissolution of marriage, id. §§ 125.005-125.560; by its statutes specifying the devolution of intestate property, id. §§ 134.005-134.210; by its statutes governing the emancipation of minors, id. §§ 129.080-129.140; and by its statute shielding spouses from testifying against each other, id. § 49.295. The network of laws setting off married couples from unmarried individuals testifies to the central role of sexual intercourse in civil society in Nevada as elsewhere in the United States. Nevada’s interest in preventing advertisements for the sale of an activity central to the domestic life of its inhabitants does not need to be spoken by its attorney general. Its interest is stated in its statutes.
*612 No need to go further to defend the Nevada statutes at issue. I strengthen the argument by noting Footnote 20 of Judge Berzon’s opinion. It states, there is no question that California or Arizona could constitutionally ban the advertising of the legal Nevada brothels and that the United States similarly could ban the advertisement of child prostitution that was lawful in a foreign jurisdiction. I agree. But why can such activity lawful in one jurisdiction be kept from being advertised in another jurisdiction? The answer, implicit in Judge Berzon’s opinion, is that California, Arizona, or the United States may constitutionally suppress speech that offers sexual intercourse for sale.